UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Valentin Reid, on behalf of himself and all others similarly situated,

        Plaintiff,

–v–

Buscemi, LLC,

        Defendant.

19-cv-6541 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

Plaintiff filed his Complaint in this action on July 15, 2019. Dkt. No. 1. Since then, he has not filed an affidavit of service indicating that service of the Complaint was effectuated on Defendant. On November 19, 2019, the Court ordered Plaintiff to file proof of service by November 26, 2019 and further ordered him to serve the November 19 Order on Defendant within five business days and to file proof of service of that Order on the public docket. Dkt. No. 7. The Court warned that failure to comply with the November 19 Order could result in dismissal of this action for failure to prosecute. *Id.* After no responsive filings were made, on December 5, 2019, the Court afforded Plaintiff one final opportunity to file proof of service on Defendant by December 16, 2019. Dkt. No. 8. The Court warned that failure to comply with the December 5 Order would result in dismissal of this action for failure to prosecute. *Id.* No affidavit of service was ever filed. Indeed, Plaintiff has not communicated with the Court since the day he filed his Complaint on July 15, 2019.

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court

order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). When considering a Rule 41(b) dismissal, the district court weighs five factors: "(1) the duration of the plaintiff's failure to comply with the court order; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard[;] and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Id.* (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

Applying the five factors set forth in *Baptiste*, the Court concludes that dismissal pursuant to Rule 41(b) for failure to prosecute is appropriate. It is true that, under the third factor, relatively little prejudice to Defendant has been occasioned by the ongoing delay in proceedings. *But see Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993) (noting that prejudice may be presumed where delay is unreasonable). Even setting this factor aside, the remainder clearly favor dismissal. First, for over two months, Plaintiff has failed to comply with any of the Court's orders concerning service or filing. *See Dong v. United States*, No. 02-cv-7751 (SAS), 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (finding lack of response for over two months unreasonable and warranting dismissal). Second, the Court's November 19, 2019 and December 5, 2019 orders put Plaintiff on notice that failure to comply with the Court's Orders could result in dismissal for failure to prosecute. *See* Dkt. Nos. 7, 8. Third, under the fourth factor, this Court endeavors to resolve actions pending before it as quickly as possible and, consistent with the CJRA, to move cases along efficiently. The Court has provided Plaintiff with multiple opportunities to be heard, but Plaintiff has not so much as communicated with this

Court since July. As other courts have noted, "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Holcombe v. Skupien*, No. 14-cv-1448 (PAC) (JLC), 2014 WL 6879077, at *3 (S.D.N.Y. Dec. 5, 2014) (quoting *Hibbert v. Apfel*, No. 99-cv-4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

Finally, the usual sanction for failure to prosecute under Rule 41(b) is dismissal with prejudice. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."). However, "because the sanction of dismissal with prejudice 'has harsh consequences,'" the Second Circuit has "instructed that 'it should be used only in extreme situations.'" *Baptiste*, 768 F.3d at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

The Court is unaware of how a lesser sanction than dismissal would prompt Plaintiff to comply with the Court's Orders given that Plaintiff has not responded to the Court's Orders or otherwise communicated an intention to participate in this case since July 2019—even after the Court provided an express warning that he faced dismissal if he did not respond by December 16, 2019. *See Melendez v. City of New York*, No. 12-cv-9241 (AJN), 2014 WL 6865697, at *3 (S.D.N.Y. Dec. 4, 2014). However, because this case does not present an "extreme situation," the Court will impose the lesser sanction of dismissal without prejudice. *Accord Holcombe*, 2014 WL 6879077, at *3 (recommending, in a case in which a prisoner failed to respond to the

Court's orders and failed to provide a current address, that the appropriate sanction was a dismissal without prejudice).

For the reasons provided above, this case shall be dismissed without prejudice for failure to prosecute. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: January 28, 2020
New York, New York

_____
ALISON J. NATHAN
United States District Judge